### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES E. THORNTON, #Y19115, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-01371-SMY** |
| | ) | |
| JANE DOE, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Thornton, an inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  This matter is now before the Court on Plaintiff's Motion for a Temporary Restraining Order (TRO). (Doc. 52).

Plaintiff is proceeding in this case on Eighth Amendment deliberate indifference claims that he was denied medical care in April, June, and August 2018.  (Doc. 17).  He has filed a motion seeking an order enjoining Defendants from denying him adequate medical care and directing that he be housed consistent with his medical condition.  In the motion and affidavit in support, he complains about a nurse sick call in April 2018 with Defendant Nurse Jane Doe, sick calls in May 2019 and May 2020 with Correctional Medical Technician Reva Engelage, who is not a party, and that he does not have sufficient space in his cell to exercise which is causing his right should to lock-up resulting in pain.  Under Federal Rule of Civil Procedure 65(b)(1)(A), a Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Plaintiff's complaint about inadequate medical care in April 2018 does not warrant a TRO.  Further, his other complaints exceed the scope of the Amended Complaint and provide no grounds for a TRO in this lawsuit.  *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption); *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) ("[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit.").  Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  September 28, 2020**

*s/ Staci M. Yandle_____*
**STACI M. YANDLE**
**United States District Judge**

2