IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, #Y19115, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:19-cv-01371-SMY |
| ) | |
| MS. MCGHEE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Thornton, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 124). Plaintiff seeks an order enjoining Defendants from denying him medical care and states he wants to be evaluated by a doctor for a low bunk permit that he alleges he needs due to a pre-existing injury.

Under Federal Rule of Civil Procedure 65(b)(1)(A), a Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)). "[T]he party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a

reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-662 (7th Cir. 2015). Further, injunctive relief, whether a temporary restraining order or preliminary injunction, is appropriate only if it deals with a matter presented in the underlying suit and seeks relief of the same character sought in the underlying suit. *See Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

In the pending motion, Plaintiff alleges he has not seen a doctor for pain that he is experiencing from a pre-existing injury that is aggravated when he climbs in and out of a top bunk. He filed a grievance on January 28, 2021 regarding the issue and the Warden granted expedited review on February 4, 2021. He filed another emergency grievance after 25 days had passed, but he still has not seen a doctor.

Plaintiff is proceeding in this case on Eighth Amendment deliberate indifference claims that he was denied medical care in April, June, and August 2018. (Doc. 55). Thus, Plaintiff's allegations in the pending motion are unrelated to, and exceed, the scope of the claims in this lawsuit. Therefore, no grounds exist for the issuance of a TRO or preliminary injunction and the motion is **DENIED**. Additionally, Plaintiff's filing practices warrant further discussion.

This is not the first time that Plaintiff has requested injunctive relief regarding matters outside the scope of this lawsuit. (See Docs. 52, 53, 62, 65, 117, 120). In Plaintiff's second motion for a TRO, he complained about sick calls in May 2019 and May 2020 with Correctional Medical Technician Reva Engelage, who is not a party, and that he did not have sufficient space in his cell to exercise which was causing his right shoulder to lock-up resulting in pain. (Doc. 52). The Court

denied the motion because his complaints exceeded the scope of the Amended Complaint and did not provide grounds for a TRO in this lawsuit. (Doc. 53). He filed an objection to the Court's order (Doc. 61), which required the Court to again explain why a TRO was not warranted (Doc. 64).

In his third and fourth motions seeking a TRO, Plaintiff alleged Defendants' officers, agents, servants, employees, and colleagues were engaging in a campaign of harassment against him by withholding court documents, denying him adequate medical care, and withholding grievance forms. (Docs. 62, 117). Again, the Court denied his requests for TRO because he was making claims against individuals who are not parties to his action regarding matters that are outside the scope of this lawsuit. (Docs. 65, 120). In the Court's February 19, 2021 Order, Plaintiff was warned that a future motion seeking relief against non-parties for matters outside the scope of the Complaint would be considered a frivolous pleading and may subject him to sanctions, including a fine and/or filing ban. (Doc. 120). Despite this warning, Plaintiff filed the instant motion.

Meritless motion practice has a significant cumulative effect of clogging the process of the court and in burdening judges and staff to the detriment of other litigants. *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). As such, courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. *Id.*; *see also Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). In that vein, Plaintiff is **WARNED** that should he file any further frivolous pleadings in this lawsuit, he will be sanctioned and fined. Should that occur, the fine would have to be paid before any other civil litigation would be allowed to be filed. Plaintiff should keep this in mind before filing any additional civil actions or pleadings in this Court.

**IT IS SO ORDERED.**

**DATED: March 4, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**