**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES E. THORNTON, #Y19115, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-01371-SMY |
| | ) | |
| JANE DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Thornton filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Menard Correctional Center.  This matter is before the Court on Defendants Baldwin, Lashbrook, Crain, and Skidmore's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 126) and Defendant Rackley's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 150).   Plaintiff filed a response in opposition (Doc. 131) and later supplemented his response with grievance documents (Docs. 153, 154). Given the undisputed facts set forth in the parties' written submissions, an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is not necessary.   For the following reasons, the motions are **DENIED.**

## FACTS

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 56): Plaintiff went to a nurse sick call on April 13, 2018 for neck pain and was seen by Nurse Tara Rackley.  He told Rackley he was experiencing intense pain in an area where he has a bullet lodged in his neck.   He asked to see a doctor immediately and stated he needed a stronger dose of his prescribed medication.   Rackley told Plaintiff he would continue to have these problems as

long as the bullet remained in his neck and there was nothing that could be done.   She instructed him to submit another sick call if his symptoms worsened and sent him back to his cell without any medical treatment and without a referral to see a doctor.

There was a major lockdown at Menard on April 26, 2018, during which an institutional shakedown was executed by the tactical team. Plaintiff was handcuffed behind his back and told to keep his head down. He remained in that position for approximately three hours. He experienced severe throbbing pain in his neck and his right shoulder.

After the April 26, 2018 incident, Plaintiff submitted sick call kites seeking medical treatment. He received a sick call pass to see Dr. Siddiqui on June 11, 2018, but did not attend the appointment because a correctional officer told him he had chosen commissary over his medical appointment.

Plaintiff submitted another sick call kite because he was continuing to experience severe, constant pain in his neck was having back problems.   He saw Nurse Practitioner Zimmer on August 9, 2018 and told her about his severe pains.   He requested an increased dose of his prescription medication and a front handcuff permit.   Zimmer became irate and argumentative with Plaintiff and threatened him with a written disciplinary action because she assumed nothing was wrong with him.   As Plaintiff attempted to tell Zimmer about other issues, she called for an officer and Plaintiff was directed to go back to his cell.

Defendants Lashbrook, Baldwin, Dr. Siddiqui, Crain, and Skidmore obtained actual knowledge about Plaintiff's serious medical needs and inadequate medical care through his grievances (325-6-18, 11-7-18, 252-8-18, 2-5-18, and 467-4-18) and failed to exercise their authority to intervene to rectify the situation.

Following preliminary review of the Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims relevant to the motion (Doc. 55):

Count 1:     Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Tara Rackley for failing to treat Plaintiff's severe pain and failing to take any steps to assist him in getting treatment from a physician for his severe pain on April 13, 2018.

Count 8:     State law medical negligence claim against Tara Rackley for conducting an assessment of Plaintiff that she was not qualified to perform, failing to treat his severe pain, and failing to take any steps to assist him in getting treatment from a physician for his severe pain on April 13,  2018.

Count 9:     Eighth Amendment claim against Defendants Lashbrook, Dr. Siddiqui, Crain, Baldwin, and Skidmore for deliberate indifference to Plaintiff's serious medical needs.

## Grievance Records

### Grievance 467-4-18, dated April 27, 2018 (Doc. 127-2, pp. 97-101; Doc. 154, pp. 4-6)

Plaintiff complains about issues with a sick call on April 13, 2018 with Nurse Jane Doe. He explained his neck was hurting in the area where a bullet is lodged and told her he had submitted numerous sick call requests and needed to see a doctor.  She refused his request and sent him away with no treatment.  In  his request for relief, he asks to see a doctor immediately.  A counselor responded on May 31, 2018 with a memorandum from the Healthcare Unit ("HCU") signed by Dr. Siddiqui, Facility Medical Director, and Angela Crain, Nursing Supervisor.  They note that no further sick call has been submitted and no action is taken.  The grievance officer's report notes that Plaintiff had refused a scheduled appointment on June 11, 2018 and was seen by a nurse practitioner on August 9, 2018.  The grievance officer recommended the grievance be found moot.  CAO Lashbrook concurred on August 28, 2018.  IDOC Director John Baldwin concurred in the denial of the grievance by the ARB.

### Grievance 2-5-18, dated April 29, 2018 (Doc. 127-2, pp. 61-64; Doc. 153, pp. 5-7)

Plaintiff grieves issues related to the April 26, 2018 level one lockdown and ongoing, untreated pain he is suffering since that date.  A counselor responded on June 8, 2018 with a memorandum from the HCU signed by Dr. Siddiqui and Crain. They note that no sick call has been submitted and take no action.   The grievance officer's report notes that Plaintiff had a nurse sick call visit on June 6, 2018, was referred to the doctor for a scheduled visit on June 11, 2018, refused to attend the June 11, 2018 doctor visit, and was seen by a nurse practitioner ("NP") following a referral on August 8, 2018 during a nurse sick call.   The NP visit ended when Plaintiff became argumentative. The grievance officer recommended the grievance be found moot.   CAO Lashbrook concurred on December 7, 2018.   IDOC Director John Baldwin concurred in the denial of the grievance by the ARB.

*Grievance 325-6-18, dated June 25, 2018 (Doc. 127-2, pp. 12-15; Doc. 153, pp. 8-12);*

*Grievance 11-7-18, dated Jun 28, 2018 (Doc. 127-2, pp. 12, 16-18)*

Plaintiff grieves a denial of his sick call pass to see Dr. Siddiqui on June 11, 2018.   He complains of untreated pain at a level of 10 and decreased mobility in his shoulder.   A counselor responded on October 4, 2018 with a memorandum from the HCU signed by Dr. Siddiqui and Ron Skidmore, Nursing Supervisor.   They note that Plaintiff refused call pass on June 11, 2018, was seen by a nurse on August 8, 2018, and was seen by a nurse practitioner on August 9, 2018.   They state he is refusing "DOT pain medication" and he should submit a sick call for any further issues. CAO Lawrence concurred in the grievance officer's report and recommendation on March 14, 2019.   IDOC Director John Baldwin concurred in the denial of the grievance by the ARB.

*Grievance 252-8-18, dated August 11, 2018 (Doc. 127-1, pp. 130-135)*

Plaintiff grieves issues related to a sick call on August 9, 2018 with a nurse practitioner. He reports that he is continuing to suffer from untreated pain.   A counselor responded on October

25, 2018 with a memorandum from the HCU.   The HCU written response is not included in the grievance records.   The grievance officer's report states the facility medical director reviewed the grievance and relevant medical records.   CAO Lawrence concurred in the grievance officer's report and recommendation on March 22, 2019.   IDOC Director John Baldwin concurred in the denial of the grievance by the ARB.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies.   42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740.   Administrative exhaustion "means using all steps that the agency holds out and doing so properly."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).   "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Inmates in the Illinois Department of Corrections are required to follow the grievance process outlined in the Illinois Administrative Code.   20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017).   Those regulations require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a).   An inmate may request that a grievance be

handled as an emergency by forwarding it directly to the Chief Administrative Officer ("CAO"). 20 ILL. ADMIN. CODE § 504.840.   If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process."   20 ILL. ADMIN. CODE § 504.840(c).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e).   The CAO then provides the inmate with a written decision on the grievance.   *Id.*   If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the ARB.   20 ILL. ADMIN. CODE §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision.   *Id.*

Additionally, to satisfy the administrative regulations, the grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c).   In other words, an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints."   *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

"In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."   *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). However, if the underlying claims are different, the prisoner must grieve each claim separately.   *Waldrop v. Wexford Health Sources, Inc.*, 646 F.App'x 486, 490 (7th Cir. 2016) (unpublished opinion) (explaining that a prisoner failed to exhaust administrative remedies because he did not file a separate grievance

naming non-medical defendants because the claim differed from the claim against the medical providers).

### Defendants Baldwin, Lashbrook, Crain, and Skidmore's Motion for Summary Judgment

Defendants Baldwin, Lashbrook, Crain, and Skidmore were involved in the grievance process whereby Plaintiff complained of the denial of treatment for ongoing pain. They acknowledge that Plaintiff exhausted grievances 325-6-18, 11-7-18, 252-8-18, 2-5-18, and 467-4-18, but argue they were not mentioned, nor were their actions described, in those grievances as it pertains to the claim asserted against them in Count 9. While that is true, Plaintiff's claim against them is that through their involvement in the grievance process, they were aware of Plaintiff's medical condition and ongoing complaints of inadequate medical care and were therefore deliberately indifferent. And because the claim against them is the same as the claim against the medical providers, Plaintiff was not required to file a separate grievance. *Waldrop*, 646 F. App'x at 490. Nor was he required to file successive grievances raising the same issues regarding continuing conduct. *Turley*, 729 F.3d at 650. Therefore, Plaintiff did not fail to exhaust his administrative remedies with respect to these Defendants.

### Defendant Rackley's Motion for Summary Judgment

Grievances are intended to give prison officials notice of a problem and a chance to correct it before they are subjected to a lawsuit; they are not intended to put an individual defendant on notice of a claim against him or her. *Jones v. Bock*, 549 U.S. 199, 219 (2007). In Grievance 467-4-18, dated April 27, 2018 (Doc. 127-2, pp. 99-100), Plaintiff complains about a Jane Doe nurse he saw on April 13, 2018 (making the same allegations made in Count 1 against a Jane Doe nurse later identified as Tara Rackley). The grievance includes the date of the medical care and describes the nurse's conduct. This description was enough to put the prison on notice of the

conduct complained of, and the medical records would identify the nurse for that visit.   In other words, Plaintiff's failure to list the nurse by name in the grievance did not prevent the institution from considering the grievance on the merits.   As such, Plaintiff exhausted his administrative remedies as it pertains to his claims against Defendant Rackley.

## CONCLUSION

Defendants Baldwin, Lashbrook, Crain, and Skidmore's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 126) is **DENIED**. Defendant Rackley's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 150) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 14, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**